LATHAM & WATKINS LLP
Mark S. Mester (*Pro Hac Vice* Forthcoming)
   *mark.mester@lw.com*
Robert C. Collins III (*Pro Hac Vice* Forthcoming)
   *robert.collins@lw.com*
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

LATHAM & WATKINS LLP
Michael A. Hale (Bar No. 319056)
   *michael.hale@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

*Attorneys for Defendant Vivid Seats LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT DENNARD, an individual, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VIVID SEATS LLC; and DOES 1 through 20, Inclusive,<br><br>    Defendants. | Case No. 2:22-cv-3667<br><br>**DEFENDANT VIVID SEATS LLC'S NOTICE OF REMOVAL OF STATE COURT ACTION PURSUANT TO 28 U.S.C. §§ 1332(d), 1441, 1446 AND 1453**<br><br>*From the Superior Court of the State of California, County of Orange, Case No. 30-2022-01256312-CU-FR-CXC* |

**TO THE CLERK OF COURT, PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Vivid Seats LLC ("Vivid Seats"), through undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441, 1446 and 1453.

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. On April 25, 2022, Plaintiff Brent Dennard ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Orange, captioned <u>Brent Dennard, an individual, and on behalf of all others similarly situated v. Vivid Seats LLC; and DOES 1 through 20, Inclusive</u>, Case No. 30-2022-01256312-CU-FR-CXC. A copy of the Complaint is attached hereto as <u>Exhibit A</u>.

2. On April 28, 2022, Vivid Seats was served with the Complaint and Summons in the <u>Dennard</u> action. A copy of the Superior Court Civil Case Cover Sheet is attached hereto as <u>Exhibit B</u>. A copy of the Summons is attached hereto as <u>Exhibit C</u>. A copy of the Superior Court Docket Sheet is attached hereto as <u>Exhibit D</u>.

3. Defendants Does 1 through 20 are unnamed and unknown, and Vivid Seats is therefore not aware of their identities or whether they have been served with the Complaint. See Compl., Ex. 1, ¶ 13.

4. Plaintiff alleges that on or about March 22, 2022, he identified two tickets to a third-party event at the price of $21 each available through Vivid Seats' platform. See Compl., Ex. 1, ¶¶ 62-63. Plaintiff claims that after he selected the tickets, created an account, entered his billing information, and clicked through Vivid Seats' platform to the final purchase page, the price of the tickets of $59.80 total was revealed to him. See id. ¶ 65. Plaintiff alleges that he purchased the tickets <u>after</u> the price of the tickets was revealed to him. See id. 66.

5.      Even though Plaintiff was fully aware of the price he was paying before he purchased the tickets at issue, Plaintiff alleges that Vivid Seats violated the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq., California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq., and California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, by misleading and unfairly inducing Plaintiff and the proposed class to enter into transactions and to overpay for tickets purchased through Vivid Seats' online ticket marketplace. See Compl., Ex. 1, ¶¶ 80-94.

6.      Plaintiff further alleges that "[a]ll consumers who have been enticed into purchasing tickets from Vivid [Seats] by the pricing practices described in [the] Complaint have suffered damage as a result of [Vivid Seats'] false and misleading pricing practices," and he asserts his claims "on behalf of all other persons in California who purchased tickets from Vivid [Seats] during the time period beginning four years before the date of filing of [the Complaint]." Compl., Ex. 1, ¶¶ 47, 72. He seeks restitution of "all monies that Defendants acquired from Plaintiff and the [proposed] Class as a result of their alleged false advertising and unfair, unlawful, and fraudulent business acts and practices," as well as actual and punitive damages and injunctive relief, including an order enjoining Vivid Seats from continuing to employ the allegedly unfair methods of competition and unfair and deceptive acts and practices alleged in the Complaint. Id. at Prayer for Relief ¶¶ 1, 2, 4.

## II.   THIS COURT HAS JURISDICTION PURSUANT TO CAFA

7.      This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441 and 1453, because (1) it is a putative class action with more than 100 members in the proposed class, (2) there is minimal diversity, since Plaintiff and Vivid Seats are citizens of different states and, alternatively, at least one member of the proposed class and Vivid Seats are citizens of different states and (3) the amount in controversy exceeds $5 million in the

Case 2:22-cv-03667 Document 1 Filed 05/27/22 Page 4 of 9 Page ID #:4

aggregate, taking into account all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. See 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

### A. This Is a Putative Class Action In Which The Proposed Class Readily Exceeds 100 Members

8. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. This lawsuit meets this definition of a class action. See Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."); see also 28 U.S.C. § 1332(d)(1)(B). In particular, Plaintiff brings suit as a "class action pursuant to California Code of Civil Procedure § 382" and "on behalf of all other persons in California who purchased tickets from" Vivid Seats. Compl., Ex. 1, ¶¶ 7, 72.

10. For purposes of removal, CAFA requires that the proposed class consists of at least 100 persons. See 28 U.S.C. § 1332(d)(5). Plaintiff alleges that the putative class consists of "at least thousands of persons who purchased tickets from Vivid in California." Compl., Ex. 1, ¶ 73. Upon information and belief, the proposed class includes more than 100 members, as far more than 100 California residents purchased tickets through Vivid Seat's marketplace in the alleged class period. Accordingly, the requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### B. There Is Clearly Minimal Diversity Among The Parties

11. "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." King v. Great Am. Chicken Corp., Inc., 903 F.3d 875, 878 (9th Cir. 2018). For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, and a defendant need only show that "any member of a class

of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal is, therefore, proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. See id.; see also, e.g., Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

12. Plaintiff states that he "is and was a resident of California at all times relevant[.]" Compl., Ex. 1, ¶ 11. Upon information and belief, Plaintiff is a citizen of the State of California. See Ehrman v. Cox Commc'ns Inc., 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions.") (citations omitted).

13. In addition, Plaintiff seeks to represent a class including "[a]ll other persons in California who purchased tickets from Vivid [Seats] during the time period beginning four years before the date of filing of [the Complaint]." Compl., Ex. 1, ¶ 72. The proposed class therefore includes at least one proposed class member who resides in and is a citizen of California. See id. See also Ehrman, 932 F.3d at 1227.

14. Vivid Seats is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in the State of Illinois. See Compl., Ex. 1, ¶ 12. A limited liability company is treated as an "unincorporated association" under CAFA pursuant to 28 U.S.C. § 1332(d)(10) and therefore "shall be deemed to be a citizen of the state where it has its principal place of business and the State under whose laws it was organized." Roling v. E*Trade Sec., LLC, 756 F. Supp. 2d 1179, 1184-85 (N.D. Cal. 2010); see also 28 U.S.C. § 1332(d)(10). Vivid Seats is therefore a citizen of Delaware and Illinois for purposes of removal. See Roling, 756 F. Supp. at 1184-85.

15. Unnamed defendants sued as Does are not required to join in a removal petition, and their citizenship is disregarded for purposes of removal. See 28 U.S.C. § 1441(b)(1); Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1213 (9th Cir. 1980).

16. Minimal diversity is thus satisfied under CAFA, because Plaintiff is a citizen of a state different from the states of citizenship of Vivid Seats and, alternatively, because at least one member of the proposed class is a citizen of a state different from the states of citizenship of Vivid Seats. See 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount In Controversy Exceeds $5 Million

17. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. See Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 81 (2014).

18. Plaintiff requests, inter alia, (i) an order "requiring [Vivid Seats] to restore all monies that [Vivid Seats] acquired from Plaintiff and the [proposed] Class as a result of their false advertising and unfair, unlawful, and fraudulent business acts and practices," (ii) actual and punitive damages, (iii) "[i]nterest on all such sums restored at the maximum legal rate," (iv) an order "enjoining [Vivid Seats] from continuing to employ unfair methods of competition and commit unfair and deceptive acts and practices alleged in [the] Complaint," (v) attorneys' fees, (vi) costs of suit incurred in this action, and (vii) such other and further relief as the Court

may deem just and proper. Compl., Ex. 1, at Prayer for Relief; see also Fritsch v Swift Transp. Co. or Ariz., LLC, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

19. Plaintiff alleges that he and the class have been "injured in amounts not less than the fees assessed on ticket purchases . . . which are believed to exceed[] the hundreds of thousands, or millions, of dollars in the aggregate," and that such amounts should be restored to the putative class. Compl., Ex. 1, ¶ 82. Because Plaintiff seeks restitution of these monies as well as actual and punitive damages, and based upon information available to Vivid Seats, the amount in controversy plainly exceeds $5,000,000. See id.; Compl., Ex 1, at Prayer for Relief ¶ 1.

20. In addition, Plaintiff seeks other forms of relief as well, all of which drive the amount in controversy even higher. See Compl., Ex. 1, at Prayer for Relief. Vivid Seats denies any and all liability and contends that Plaintiff's allegations are entirely without merit. For purposes of this Notice of Removal, however, taking Plaintiff's factual allegations as true and legal allegations as correct, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount in controversy requirements of CAFA. See 28 U.S.C. § 1332(d)(2).[1]

**III. VENUE**

21. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a), because the Superior Court where the removed case was pending is located within this District. See 28 U.S.C. § 84(a).

---

[1] Should Plaintiff challenge the amount in controversy in a motion to remand, Vivid Seats reserves the right to further substantiate these examples with additional evidence and to demonstrate that other aspects of Plaintiff's claims and prayer for relief also show that in excess of $5 million is in controversy.

**COMPLIANCE WITH REMOVAL PROCEDURE**

22. Vivid Seats was served with the Complaint and Summons by personal service to its registered service agent on April 28, 2022. <u>See</u> Summons, Ex. C. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within 30 days of service.

23. No other process, pleadings, or orders have been served on Vivid Seats, but the Complaint, Summons, and docket are attached hereto as Exhibits A, C, and D. <u>See</u> 28 U.S.C. § 1446(a).

24. There are no related cases to this action, and as such, Vivid Seats is not filing a Notice of Related Cases with this notice of removal. <u>See</u> L.R. 83-1.3.

25. There are no actions currently pending that involve all or a material part of the subject matter of this action, and as such, Vivid Seats is not filing a Notice of Pendency of Other Actions or Proceedings with this notice of removal. <u>See</u> L.R. 83-1.4.

26. This notice of removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. <u>See</u> 28 U.S.C. § 1446(a).

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice of removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of Orange County Superior Court, California.

**IV. CONCLUSION**

Vivid Seats respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Orange County Superior Court, California. Vivid Seats further requests such relief as the Court deems appropriate.

| | |
|---|---|
| Dated: May 27, 2022 | Respectfully submitted,<br>LATHAM & WATKINS LLP<br><br>By: /s/ *Michael A. Hale*<br>        Michael A. Hale<br><br>*Attorneys for Defendant Vivid Seats LLC*<br><br>Mark S. Mester (*Pro Hac Vice* Forthcoming)<br>  mark.mester@lw.com<br>Robert C. Collins III (*Pro Hac Vice* Forthcoming)<br>  robert.collins@lw.com<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767<br><br>LATHAM & WATKINS LLP<br>Michael A. Hale (Bar No. 319056)<br>  michael.hale@lw.com<br>355 South Grand Avenue, Suite 100<br>Los Angeles, California 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763 |